IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-292-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JAQUELINE DIANNE OKOMBA (1) )<br>) | ORDER |

**THIS MATTER** is before the Court upon Defendant Okomba's Motion for Severance of Defendants, (Doc. No. 39), and the government's Response, (Doc. No. 40). For the reasons stated below, the Court will deny the motion.

## I. BACKGROUND

This case involves a four-count indictment charging Jaqueline Dianne Okomba and Laurence A. Sessum, with directing a fraudulent debt collection scheme. (Doc. No. 3). They are named in each count for offenses including: conspiracy to commit mail and wire fraud (Count One); wire fraud (Count Two); conspiracy to commit money laundering (Count Three); and destruction of objects and records (Count Four).[1] (Id.). Factual allegations describe their roles in Direct Processing LLC, with Okomba listed as the registered agent and a member-owner and Sessum designated as owner and operator. (Id. at 1-2). Additionally, the indictment details transactions allegedly conducted by Okomba and Sessum using company accounts, as well as actions each allegedly took to remove or destroy computers and documents when an account was frozen by a seizure warrant served

---

[1] At least one alleged co-conspirator pled guilty separately to an Information. (Doc. No. 41: Trial Brief at 2).

1

by the FBI. (Id. at 4-5).

## II. DISCUSSION

Okomba claims that her trial should be severed from Sessum's to allow her to testify as she chooses and to avoid "spill-over" prejudice from the allegedly greater weight of evidence against Sessum, including a prior conviction for similar conduct. (Doc. No. 39 at 2-3).

### A. Joinder of Defendants

Rule 8(b) of the Federal Rules of Criminal Procedure provides that a single "indictment ... may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Moreover, the rule adds that "defendants may be charged in one or more counts together or separately" and that "[a]ll defendants need not be charged in each count." Id.

In general, "[j]oinder is highly favored in conspiracy cases, over and above the general disposition supporting joinder for reasons of efficiency and judicial economy." United States v. Dinkins, 691 F.3d 358, 367–68 (4th Cir. 2012) (internal citation and quotations omitted); see United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999) (noting that courts generally "adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly). Here, joinder is permissible under Rule 8(b) because both defendants allegedly participated "in the same series of acts or transactions, constituting" the charges they jointly face.

### B. Relief from Prejudicial Joinder

2

Rule 14(a) provides that a court may order separate trials "[i]f the joinder of ... defendants in an indictment ... appears to prejudice a defendant." Fed. R. Crim. P. 14(a). However, Fourth Circuit courts adhere to the "general principle that when defendants are indicted together, they should be tried together." Dinkins, 691 F.3d at 368 (citation omitted) (noting that joint trials serve the interests of justice by providing greater efficiency and avoiding inconsistent verdicts).  In turn, a defendant seeking severance under Rule 14 must establish that "actual prejudice would result from a joint trial and not merely that a separate trial would offer a better chance at acquittal." United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995) (citations and internal quotations omitted).  In addition, when "an indictment properly has joined two or more defendants under the provisions of Rule 8(b), severance pursuant to Rule 14 is rarely granted." Dinkins, 691 F.3d at 368 (citations and internal quotations omitted).  Thus, severance should only be granted when "'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Id. (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

Here, Okomba has not shown she would be prejudiced by a joint trial with Sessum.  First, she has not shown any reason that the Court would limit her testimony if she chooses to attempt to exculpate herself and inculpate Sessum, subject to cross-examination.  Second, even if the quantum of evidence against Sessum is greater, there is no risk Okomba would face unfair prejudice because evidence of Sessum's conduct would be independently admissible in a separate trial

as reasonably foreseeable acts of an alleged co-conspirator in furtherance of the charged mail, wire, and money laundering conspiracies, which the government forecasts in this case. See United States v. Gilliam, 987 F.2d 1009, 1012–13 (finding a co-conspirator responsible for the reasonably foreseeable actions committed by co-conspirators within the scope of the conspiracy). Moreover, the risk of any spillover prejudice can be cured by a limiting instruction regarding the jury's permissible consideration of such evidence, such as Sessum's prior conviction. Zafiro, 506 U.S. at 539. Therefore, the Court will deny the motion to sever, finding that the defendants were permissibly joined under Rule 8(b) and that Okomba has not shown a serious risk of prejudice by being joined for trial with an alleged co-conspirator.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Motion for Severance of Defendants, (Doc. No. 39), is **DENIED**.

Signed: March 29, 2019

Robert J. Conrad, Jr.
United States District Judge