IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00292-RJC-DSC

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JACQUELINE DIANNE OKOMBA ) | |
| LAURENCE SESSUM | |
| ) | |

**THIS MATTER** is before the Court upon the defendants' post-verdict Motions for a Judgment of Acquittal, or in the alternative for a New Trial,[1] (Doc. Nos. 71, 72), and the government's response in opposition, (Doc. No. 74).

I. BACKGROUND

The defendants proceeded to jury trial on offenses related to an alleged fraudulent debt collection conspiracy.[2] (Doc. No. 3: Indictment). At the close of the government's proof, the Court denied each defendant's motion for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. The defendants elected not to present any evidence. The jury found Defendant Okomba guilty of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count

---

[1] On April 25, 2019, Defendant Okomba moved to adopt her co-defendant's motion. (Doc. No. 73). The jury returned its verdict against her on April 10, 2019, and the Court discharged the jury the same day. (Doc. No. 65). Therefore, the motion to adopt will be denied as untimely. Fed. R. Crim. P. 29(c)(1) (motion must be filed within 14 days of verdict). Even if the Court granted the motion to adopt, Defendant Okomba would not be entitled to relief for the reasons detailed herein.

[2] Prior to trial, the Court denied Okomba's motion to sever, (Doc. No. 39; Motion; Doc. No. 46: Order), and each defendant's untimely motion to dismiss the indictment for failure to state an offense, (Doc. Nos. 59, 61: Motions; Oral Order, Apr. 8, 2019).

One) and obstruction of justice in violation of 18 U.S.C. § 1519 (Count Four), but not guilty of substantive wire fraud under 18 U.S.C. § 1343 (Count Two) and conspiracy to commit transactional and concealment money laundering under 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), and 1957 (Count Three). (Doc. No. 65: Okomba Verdict). The jury found Defendant Sessum guilty of all four counts. (Doc. No. 66: Sessum Verdict).

II. DISCUSSION

The instant motions seek judgments of acquittal under Rule 29(b)(C), or, in the alternative, new trials under Rule 33. Under Rule 29, a guilty verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence," that is, evidence which a reasonable finder of fact could accept as adequate to support the defendant's guilt beyond a reasonable doubt. United States v. Burfoot, 899 F.3d 326, 334 (4th Cir. 2018). Under Rule 33, a new trial can be ordered if required in the interest of justice, but "a jury verdict is not to be overturned except in the rare circumstance where the evidence weighs heavily against it." Id. at 340 (internal quotation marks omitted).

    A. Count One

        1. Jury Instruction

The defendants chiefly argue that the Court erroneously instructed the jury in response to the question, "Are email communications considered wire communications?" (Doc. No. 71: Okomba Motion at 5-24; Doc. No. 71-4, Okomba

2

Motion Exhibit 2: Trial Tr. excerpt at 13; Doc. No. 72: Sessum Motion at 2;). The government responds that the Court's answer, "Yes," was an accurate statement of the law. (Doc. No. 74: Response at 5-7).

The defendants rely on the definitions of terms "as used in [Chapter 119]" on "wire and electronic communications interception and interception of oral communications," 18 U.S.C. § 2510, to conclude that only "aural transfer" of the human voice is included in "wire communication." (Doc. No. 71: Okomba Motion at 16-18; Doc. No. 72: Sessum Motion at 2). The government rightly shows the fallacy of that position by listing several cases affirming wire fraud convictions under Chapter 63 involving the use of e-mail, none of which relied on aural transfer of the human voice.[3] (Doc. No. 74: Response at 6-7). Additionally, the pattern jury instructions of several circuits provide for the type of instruction given here.[4]

---

[3] See e.g. United States v. Wynn, 684 F.3d 473, 476 (4th Cir. 2012) (e-mailing fraudulently permitted site plans); United States v. Harris, 576 F. App'x 265, 271 (4th Cir. 2014) (e-mailing investment information); United States v. Andrews, 681 F.3d 509, 528-29 (6th Cir. 2012) (e-mailing and faxing bond application documents); United States v. Corrigan, 912 F.3d 422, 428 (7th Cir. 2019) (e-mailing solicitation for investment); United States v. Barraza, 655 F.3d 375, 383) (5th Cir. 2011) (e-mailing solicitation for sex as bribe).

[4] See e.g., Third Circuit Pattern Jury Instructions Criminal § 6.18.1343 at 488 (2009) ("The use of the Internet to send a message, such as an e-mail, … may constitute a wire transmission in interstate commerce."); Fifth Circuit Pattern Jury Instructions Criminal § 2.57 Note at 296 (2015) (citing United States v. Barraza, 655 F.3d 375, 383) (5th Cir. 2011) (holding that an e-mail was sufficient to sustain a wire fraud conviction)); Seventh Circuit Pattern Jury Instructions Criminal at 508 (2012) (stating "e-mails … constitute transmission by means of wire communication"); Eighth Circuit Pattern Jury Instructions Criminal § 6.18.1343 at 452 (2018) (listing e-mail as an example of interstate wire communication).

Therefore, a new trial is not required in the interest of justice based on the Court's answer to the jury's question.

   2.  Sufficiency of the Evidence

Defendant Okomba claims that she would not have convicted of conspiracy to commit wire fraud (Count One) but for the Court's answer to the jury question about e-mail as wire communication. (Doc. No. 71 at 2, 9). Because the Court finds that instruction was proper, and the Court previously found at the close of the government's case-in-chief that the evidence was sufficient to establish her guilt beyond a reasonable doubt,[5] she is not entitled to a judgment of acquittal or a new trial on this claim.

  B.  Counts One, Two, and Three as Civil Violations

Defendant Sessum contends that conduct at issue falls under the Federal Trade Commission Act (FTCA), 15 U.S.C. § 53(b) or the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., which preclude criminal prosecution.[6] (Doc. No. 72: Motion at 2-3). The defendant states he is not making a

---

[5] For example, the uncontradicted evidence showed a victim from South Carolina received a series of emails informing her of purported legal proceedings against her and seeking to collect on money allegedly owed to Bank of America. A co-conspirator identified the sender as working in Charlotte, North Carolina, for the defendants. She also described in detail the fraudulent tactics employed in the conspiracy to collect unenforceable debt.

[6] This issue repeats the claims the defendants raised on the eve of trial, which the Court dismissed as untimely and because the existence of civil remedies for the conduct alleged does not bar criminal prosecution for fraud. (Doc. Nos. 59, 61: Motions; Doc. No. 60: Response; Doc. No. 63: Okomba Reply; Oral Order, Apr. 8, 2019).

Double Jeopardy argument, but he has not provided any authority for the proposition that the conduct proved at trial only amounts to a civil violation. On the contrary, the United States Court of Appeals for the Second Circuit found that a person who was part of a scheme to collect money from individuals by making fraudulent representations and false threats over the telephone could be prosecuted criminally for wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, and pursued civilly by the Federal Trade Commission. United States v. Williams, 736 F. App'x 267, 270-71 (2d Cir. 2018). Here, there was substantial evidence that co-conspirators communicated false information to victims using wire communications, such as fake court documents sent by e-mail, as part of a scheme to obtain money with the intent to defraud. Therefore, he is not entitled to a judgment of acquittal or new trial on this claim.

 C. Count Four

  1. Sufficiency of Evidence

Defendant Okomba attacks the jury's guilty verdict on Count Four by arguing there was "no evidence of any destruction of records or shredding documents." (Doc. No. 71 at 33). Title 18, United States Code, Section 1519 covers more than document shredding, including concealment of tangible objects with the intent to obstruct an investigation within the jurisdiction of a federal department or agency.

Here, a co-conspirator testified that Defendant Sessum told him that a "raid" was coming, so, with Defendant Okomba present, they loaded three cars with

5

computers and phones from the office used by the conspiracy and took them to his residence. An FBI agent testified that Defendant Sessom admitted he saw that a financial account had been locked the day before the FBI executed a search warrant on August 4, 2015, and found a majority of the computers missing from the office's cubicles. The agent also testified that Defendant Okomba told him she was the owner of the business, but that she did not own any computers. However, in the instant motion, Defendant Okomba concedes there was evidence of removal of computers from that location on August 3. (Doc. No. 71 at 33). Therefore, there was substantial evidence to establish her guilt of obstruction beyond a reasonable doubt, and she is not entitled to a judgment of acquittal or a new trial on this claim.

      2.     Spillover Evidence

Next, Defendant Okomba argues that the jury's verdict on Count One, which she claims was based on an erroneous jury instruction, tainted the jury's verdict on Count Four, which she claims was based on limited evidence. (Doc. No. 71: Motion at 36-37). As detailed above, the jury instruction on Count One was proper, and substantial evidence of obstruction to supports her conviction on Count Four. Additionally, the jury was instructed to consider each count, and the evidence relating to it, separately, mitigating any risk of spillover prejudice. Zafiro v. United States, 506 U.S. 534, 540 (1993) (recognizing that limiting instructions "often will suffice to cure any risk of prejudice"). Therefore, she is not entitled to a judgment of acquittal or a new trial on this claim.

III.　CONCLUSION

Having considered the defendants' motions for judgment of acquittal or new trial under Rules 29 and 33 of the Federal Rules of Criminal Procedure, the Court finds that substantial evidence supports each count of conviction and that a new trial is not in the interest of justice.

**IT IS, THEREFORE, ORDERED** that the defendants' Motions, (Doc. Nos. 71, 72, and 73), are **DENIED**.

Signed: September 6, 2019

Robert J. Conrad, Jr.
United States District Judge